JOHN P. BALLARD, ETC., v. JAMES LOWERY.

**Vendor and Purchaser—Identity of Property Sold.**
    Where a purchaser fails to make an investigation as to which of two houses he has purchased, when the facts are before him, he is culpably careless and the law can afford him no relief.

APPEAL FROM SHELBY CIRCUIT COURT.

October 5, 1871.

OPINION BY JUDGE PETERS:

The alleged mistake according to the evidence is one that could scarcely occur with a man ordinarily attentive to his own interests, and appears without legal excuse.

A negotiation was commenced between Ballard and appellee to trade eleven acres and 18 poles of land by appellee in the suburbs of Shelbyville to a house and lot in the town, and it may have been occasionally designated as the "Ballard house." After the parties had been talking about the trade, Ballard announced to appellee that Kinkead and Churchill were joint owners of the house with him, and they did not favor or approve the trade, and the negotiations for a time were broken off.

There is no pretense that Kinkead and Churchill ever had any interest in the brick house, or that it was ever so understood.

Subsequently propositions were renewed and appellee was informed by Ballard that his joint owners had consented to his making the trade, naming them, and appellee still made no inquiry to learn how they were, or had become interested in the house, and during the negotiations on the day when the trade was consummated Ballard informed appellee more than once that the Misses Prewitt occupied as their tenants the lower story of the house, paying as rent for it $200 per annum, and that William Wallace occupied the upper story, paying therefor $150 annual rent, that appellee lived in Shelbyville, and practised medicine, frequently passed the frame house occupied by Misses Prewitt, who carried on a millinery in the house, had their sign upon it, and showcases of bonnets, flowers, and ribbons exposed to public view, and living as he did in the town and in the same part of the town, it seems almost astonishing that he should not have known, or been put on the inquiry as to the identity of the house. Besides the brick house on the corner of 4th and Main street was then occupied by Dr. Stivers, a dentist, and his sign suspended over the front door two feet by two and a half feet, with his name and occupation inscribed in gilt letters, and appellee had visited the house while Stivers had occupied it professionally and must have known by whom it was occupied when the trade was being made. He was then in the office where the titles were recorded, and notwithstanding the accumulated facts pressing on him to warn him that he might be in error in regard to the identity of the property, he quietly contented himself in his supposed security without making an examination into the title, or to respond to the information which if heeded was more than sufficient to undeceive him, and never aroused up until the trade had been consummated, and he called in at Kinkle's to inform of it, and Kinkle told him Ballard & Co. never owned the brick house on the corner of 4th and Main streets, and he then started to announce his mistake to Ballard.

It is difficult to conceive how such a mistake could be made by even the most careless. Ballard did not live in the brick house. The public records showed he never had title to it, while

they showed he and Kinkead and Churchill did have title to the frame house, and Ballard informed him, and he knew these tenants did not occupy the brick house, but knew beyond all peradventure that Dr. Stivers then occupied the brick house.

And having failed with all these facts before him, he was culpably careless, and the law can afford him no relief.

Wherefore the judgment is *reversed,* and the cause is remanded with directions to dismiss appellee's petition.

*Caldwell, Harwood, for appellant.*

*Z. Wheat, A. G. Roberts, for appellee.*